UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Arthur L. Bruce,                                                Case No.: 15-47027-wsd
                                                                    Chapter 13
        Debtor                                         Hon. Walter Shapero
_____/

Charles D. Boone,

       Plaintiff

v.                                                                        Adv. Pro. No.: 16-04305

Arthur L. Bruce,

       Defendant
_____/

**<u>OPINION INCIDENT TO MOTION TO DISMISS ADVERSARY PROCEEDING</u>**

Charles Boone ("Plaintiff") filed this adversary proceeding *in pro per*. In lieu of an answer, Debtor-Defendant Arthur Bruce ("Defendant") filed the present Motion to Dismiss Adversary Proceeding pursuant to Fed.R.Civ.P. 12(b)(6) (Dkt. 5). The Court held a hearing as to the Motion on June 2, 2016 and, incident thereto, required Plaintiff to file an additional affidavit. The Court has reviewed Plaintiff's submissions and will accordingly grant Defendant's Motion in part and deny it in part.

To survive a motion to dismiss for failure to state a claim brought under Fed.R.Civ.P. 12(b)(6) (made applicable here via Fed.R.Bankr.P. 7012(b)), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[T]he complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Followell v. Mills*, 317 Fed. Appx. 501, 505 (6th Cir. 2009) (citing *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

The Court finds that the crux of Plaintiff's most recent affidavit, together with the other documentary submissions in support of his adversary proceeding (and particularly considered in light of the fact that Plaintiff is *in pro per*), meet the less-than-rigorous pleading standard. Plaintiff has pled sufficient factual matter that, if accepted as true on its face and afforded appropriate inferences, states a claim or claims for non-dischargeability of some debt under 11 U.S.C. § 523(a)(2)(A) and/or § 523(a)(2)(B). Whether Plaintiff's adversary proceeding survives a future dispositive motion remains to be seen.

The Court will, however, grant Defendant's Motion as to two aspects of Plaintiff's requested relief: (a) Plaintiff's request that the Court essentially reinstate the subject residential lease, for the reason that such relief is not available either in this proceeding or in this (or likely another) Court; and (b) Plaintiff's request that Defendant pay the equivalent of attorney fees Plaintiff would have incurred, for the reason (among others) that Plaintiff has not actually incurred any such expenses, but instead has been acting *in pro per*.

The Court is contemporaneously entering an appropriate order reflecting the foregoing, requiring Defendant to file an answer by July 20, 2016, and scheduling a status conference.

**Signed on July 05, 2016**

                                                      **/s/ Walter Shapero**
                                          **Walter Shapero**
                                          **United States Bankruptcy Judge**